UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AJAY SINGH,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | Case No. C26-2778-MLP<br><br>ORDER |

This matter is before the Court on Petitioner Ajay Singh's Emergency Motion for Temporary Restraining Order ("TRO").[1] (Dkt. # 11.) Petitioner seeks an order preventing Respondents from removing him from the United States for fourteen days or until this Court rules on his petition for writ of habeas corpus, if earlier. (*Id.* at 2; *see also* dkt. # 11-1.)

A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To receive a TRO, Petitioner must establish that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 4.)

With regard to the second element, Petitioner argues that Respondents are "actively pursuing Petitioner's removal, including by initiating the process of obtaining the travel documents necessary to remove him to India." (Dkt. # 11 at 2.) He contends he may be irreparably harmed if Respondents remove him before adjudication of his habeas petition, in which he seeks release from detention. (*Id.* at 7.)

The Court's scheduling order requires Respondents to "provide Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States." (Dkt. # 2 at 2.) Respondents must file notice of intent to transfer or remove on the Court's docket. (*Id.*) No such notice has been filed on the docket. Moreover, Petitioner states in his motion that his pending motion to reopen before the Immigration Court has automatically stayed his removal until disposition of the motion. (Dkt. # 11 at 2-3 (citing 8 U.S.C. § 1229a(b)(5)(C), 8 C.F.R. § 1003.23(b)(4)(ii)).) Petitioner provides no evidence that removal is imminent, and thus cannot show that he is likely to suffer irreparable harm in the absence of preliminary relief.

Accordingly, Petitioner's Emergency Motion for Temporary Restraining Order (dkt. # 11) is DENIED.

Dated this 3rd day of September, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge